# United States District Court
## Central District of California

### ***AMENDED***SENTENCING

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.     CR 10-1078 ABC |
| **Defendant**    Ryan Dunn | Social Security No.   2   3   2   5 |
| akas:  Ametaj, Ermal Burim (T/N); Ametaj, Ermal; Dunleavy, Rydick | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 08 | 20 | 12 |

**COUNSEL**     Stuary Goldfarb, Retained
(Name of Counsel)

**PLEA**   ☑ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
INFRINGEMENT OF COPYRIGHTED WORK FOR PRIVATE FINANCIAL GAIN 17:506(a)(1)(A) AND 18:2319(a)(b)(1): as charged in the Single-Count Information.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

It is ordered that the defendant shall pay to the United States a total fine of $3,600, which shall bear interest as provided by law.

Pursuant to 18 U.S.C. § 3612 (f)(3)(A), interest on the fine is waived as it is found that the defendant does not have the ability to pay interest.

The defendant shall comply with General Order No. 01-05.

The Court has found that the property identified in the preliminary order of forfeiture is subject to forfeiture. The preliminary order is incorporated by reference into this judgment and is final as to the defendant.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Ryan Dunn, is hereby committed on the Single-Count Information to the custody of the Bureau of Prisons to be imprisoned for a term of one **(1)** month.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three **(3)** years, under the following terms and conditions:

| USA vs. | Ryan Dunn | Docket No.: | CR 10-1078 ABC |
|---|---|---|---|

1. The defendant shall reside for a period of 11 months in a residential reentry center (community corrections component), as directed by the Probation Officer, and shall observe the rules of that facility.

2. Defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 05-02.

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

4. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

5. Defendant shall participate in mental health treatment, whcih may include evaluation and counseling, until discharged from the treatment by the treatment provider is prohibited without the consent of the sentencing Judge.

6. The Court authorizes the Probation Office to disclose the Presentence Report to the mental health treatment provider to facilitate the defendant's treatment. Further redisclosure of the Presentecne Report by the Treatment provider is prohibited without the consent of the sentencing Judge

7. As directed by the Probation Officer, the defendnat shall pay all or party of the costs of the defendant's mental health evaluation and treatment to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer.

8. The defendant shall perform 200 hours of community service as directed by the Probation Officer.

9. The defendant shall provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of any business owned, in the whole or in part, by the defendant, as directed by the Probation Officer.

10. The defendant shall cooperate in the collection of DNA sample from the defendant.

11. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

| USA vs. Ryan Dunn | Docket No.: CR 10-1078 ABC |
|---|---|

The Court **ORDERS** defendant shall pay restitution in the total amount of **$15,098.11** to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims."

It is further **ORDERED** that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before **12:00 noon, October 1, 2012.** In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

> Defendant waives right to appeal. Defendant informed of right to appeal.

> Bond to remain in effect until self-surrender of defendant on October 1, 2012. Bond to be exonerated upon surrender.

**The Court recommends to the Bureau of Prisons consistent with its space and security concerns and housing that the defendant spend his one (1) month in the Bureau of Prisons either here at the Metropolitan Detention Center or incarceration in Billings, Montana to be close to parents.**

**The Court further recommends that the Probation Department in the Central District of California, that the defendant spend his 11 months in a Community Correction Center in or near Billings, Montana to be close to his parents**.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| September 5, 2012 | | _Audrey B. Collins_ |
|---|---|---|
| Date | | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| September 5, 2012 | By | A. Bridges | |
|---|---|---|---|
| Filed Date | | Deputy Clerk | |

| | | | |
|---|---|---|---|
| USA vs. | Ryan Dunn | Docket No.: | CR 10-1078 ABC |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs.  Ryan Dunn                                           Docket No.:   CR 10-1078 ABC

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| | |
|---|---|
| USA vs. Ryan Dunn | Docket No.: CR 10-1078 ABC |

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____ By _____
Date                        Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____ By _____
Filed Date                 Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____         _____
          Defendant                              Date

_____                  _____
U. S. Probation Officer/Designated Witness    Date

| USA vs. | Ryan Dunn | Docket No.: | CR 10-1078 ABC |
|---|---|---|---|

# NOTICE PARTY SERVICE LIST

**Case No.** _____   **Case Title** _____

**Title of Document** _____

| | | | | |
|---|---|---|---|---|
| ☐ | ADR | | ☐ | US Attorneys Office - Civil Division -L.A. |
| ☐ | BAP (Bankruptcy Appellate Panel) | | ☐ | US Attorneys Office - Civil Division - S.A. |
| ☐ | BOP (Bureau of Prisons) | | ☐ | US Attorneys Office - Criminal Division -L.A. |
| ☐ | CA St Pub Defender (Calif. State PD) | | ☐ | US Attorneys Office - Criminal Division -S.A. |
| ☐ | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | ☐ | US Bankruptcy Court |
| ☐ | Case Asgmt Admin (Case Assignment Administrator) | | ☐ | US Marshal Service - Los Angeles (USMLA) |
| ☐ | Chief Deputy Admin | | ☐ | US Marshal Service - Riverside (USMED) |
| ☐ | Chief Deputy Ops | | ☐ | US Marshal Service -Santa Ana (USMSA) |
| ☐ | Clerk of Court | | ☐ | US Probation Office (USPO) |
| ☐ | Death Penalty H/C (Law Clerks) | | ☐ | US Trustee's Office |
| ☐ | Dep In Chg E Div | | ☐ | Warden, San Quentin State Prison, CA |
| ☐ | Dep In Chg So Div | | | |
| ☐ | Federal Public Defender | | | |
| ☐ | Fiscal Section | | | |
| ☐ | Intake Section, Criminal LA | | | |
| ☐ | Intake Section, Criminal SA | | | |
| ☐ | Intake Supervisor, Civil | | | |
| ☐ | MDL Panel | | | |
| ☐ | Ninth Circuit Court of Appeal | | | |
| ☐ | PIA Clerk - Los Angeles (PIALA) | | | |
| ☐ | PIA Clerk - Riverside (PIAED) | | | |
| ☐ | PIA Clerk - Santa Ana (PIASA) | | | |
| ☐ | PSA - Los Angeles (PSALA) | | | |
| ☐ | PSA - Riverside (PSAED) | | | |
| ☐ | PSA - Santa Ana (PSASA) | | | |
| ☐ | Schnack, Randall (CJA Supervising Attorney) | | | |
| ☐ | Statistics Clerk | | | |

☐ ***ADD NEW NOTICE PARTY***
**(if sending by fax, mailing address must also be provided)**

Name: _____

Firm: _____

Address (*include suite or floor*): _____

_____

_____

*E-mail: _____

*Fax No.: _____

* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

_____

_____

_____

_____

**Initials of Deputy Clerk** _____